UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ONTIVEROS SEPULVEDA,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>GERY SWARTHOUT,<br><br>　　　　Respondent.<br>_____/ | 1:13-cv-723 JLT  (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 13) |

　　　　Petitioner has requested the appointment of counsel, arguing that he needs appointed counsel because his "jailhouse" lawyer is being transferred to another facility.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.  The petition has been filed, screened, and found to raise arguable federal habeas issues; an Answer on the merits has been filed; and the only remaining task is the filing of a Traverse, should Petitioner choose to file one. Otherwise, a decision on the merits of the case will be made based on the legal arguments already framed in the petition and the documents, transcripts and court records supplied by

Respondent in the Answer. The Court normally does not consider new claims raised for the first time in a Traverse. Therefore, appointment of counsel would at this juncture would do little to further the litigation or preserve Petitioner's rights.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:  **August 14, 2013**                               /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE